# EXHIBIT 8

IN THE DISTRICT COURT FOR TULSA COUNTY
STATE OF OKLAHOMA

MOHAMMED OMAR,

    Plaintiff,

v.

BRITTEN PRODUCTIONS, LLC, a Foreign For Profit Limited Liability Corporation, WOODLAND HILLS MALL, LLC, a Foreign For Profit Limited Liability Company, AND SIMON PROPERTY GROUP, INC., a Foreign For Profit Corporation,

    Defendants.

DISTRICT COURT
FILED
APR 28 2022
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

Case No. CJ-2022-0278
Judge Doug Drummond

## DEFENDANT BRITTEN PRODUCTIONS, LLC'S ANSWER TO PLAINTIFF MOHAMMED OMAR'S PETITION

Defendant Britten Productions, LLC, ("Defendant" and/or "Britten") submits its Answer to Plaintiff's Petition filed on January 27, 2022 ("the Petition"). Defendant denies, generally and specifically, each and every material allegation contained in the Petition, except as otherwise admitted herein, and demands strict proof of such claims by a preponderance of the evidence to be presented at a trial by jury in the above styled cause. For its Answer, Defendant further responds in numerical sequence as follows:

1. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of the Petition and therefore denies the same and demands strict proof at trial.

2. Defendant admits it is a foreign Limited Liability Company organized pursuant to the laws of the State of Michigan, doing business in Tulsa County, State of Oklahoma, with a principal

place of business in Traverse City, Michigan, and it may be served by and through the Office of the Oklahoma Secretary of State. All other allegations contained in Paragraph 2 of the Petition are denied and Defendant demands strict proof at trial.

3. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of the Petition and therefore denies the same and demands strict proof at trial.

4. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of the Petition and therefore denies the same and demands strict proof at trial.

5. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of the Petition and therefore denies the same and demands strict proof at trial.

6. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of the Petition and therefore denies the same and demands strict proof at trial.

7. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of the Petition and therefore denies the same and demands strict proof at trial.

8. Defendant reasserts and incorporates by reference its answers to Paragraphs 1 to 8 of the Petition set forth above as if expressly restated herein.

9. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of the Petition and therefore denies the same and demands strict proof at trial.

10. Upon information and belief, the allegations contained in Paragraph 10 of the Petition are admitted.

11. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of the Petition and therefore denies the same and demands strict proof at trial.

12. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of the Petition and therefore denies the same and demands strict proof at trial.

13. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of the Petition and therefore denies the same and demands strict proof at trial.

14. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of the Petition and therefore denies the same and demands strict proof at trial.

15. Defendant reasserts and incorporates by reference its answers to Paragraphs 1 to 14 of the Petition set forth above as if expressly restated herein.

16. The allegations asserted in Paragraph 16 of the Petition to not pertain to Britten and require no response. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 16 of the Petition and demands strict proof at trial.

17. The allegations asserted in Paragraph 17 of the Petition to not pertain to Britten and require no response. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 17 of the Petition and demands strict proof at trial.

18. The allegations asserted in Paragraph 18 of the Petition to not pertain to Britten and require no response. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 18 of the Petition and demands strict proof at trial.

19. The allegations asserted in Paragraph 19 of the Petition to not pertain to Britten and require no response. To the extent a response is deemed necessary, Defendant denies the allegations contained in Paragraph 19 of the Petition and demands strict proof at trial.

20. Defendant reasserts and incorporates by reference its answers to Paragraphs 1 to 19 of the Petition set forth above as if expressly restated herein.

21. Defendant denies the allegations contained in Paragraph 21 of the Petition and demands strict proof at trial.

22. Defendant denies the allegations contained in Paragraph 22 of the Petition and demands strict proof at trial.

23. As to the unnumbered, WHEREFORE Paragraph and prayer for relief asserted by Plaintiff, Defendant denies it is liable under any theory of recovery and denies that the Plaintiff is entitled to any relief whatsoever.

24. All allegations, whether expressed or implied, which are not specifically admitted herein are denied and Defendant demands strict proof at trial.

25. Defendant demands a trial by jury for the above styled action.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's Petition fails to state a claim or cause of action upon which he is entitled to relief.

2. Defendant denies it and/or its agents, servants or employees committed any act of negligence that caused or contributed to the injuries and damages alleged by Plaintiff.

3. The doctrine of comparative fault may bar Plaintiff's claims and/or may reduce the damages sought.

4. Plaintiff may have failed to mitigate the injuries and/or damages sought by this action.

5. Plaintiff's damages, if any, arise from the acts or omissions of a third party (or parties) over whom Defendant exercised no control or authority.

6. By way of further defense and pleading in the alternative, the condition about which Plaintiff complains was an "open and obvious" condition that precludes Plaintiff from any recovery against this Defendant.

7. By way of further defense and pleading in the alternative, the condition about which Plaintiff complains was not there for a sufficient and/or reasonable amount of time for the Defendant to have notice, effectuate its removal and/or warn of its presence (lack of notice); therefore, Plaintiff's claims are barred.

8. By way of further defense and pleading in the alternative, the injuries and damages about which Plaintiff complains, may have resulted from pre-existing or subsequent injuries, conditions and/or accidents and are not the result of any negligent act or omission on the part of this Defendant.

9. Plaintiff's claim for damages relating to medical expenses, if any, may be subject to the provisions and limitations set forth in 12 O.S. 2011 § 3009.1.

10. Defendant reserves the right to amend or modify its Answer and its assertion of defenses and affirmative defenses upon the completion of discovery and entry of a final pretrial conference order.

WHEREFORE, premises considered, Defendant Britten Productions, LLC prays that it be dismissed from this cause of action with an award of costs and attorneys' fees and for any and all

other relief as the Court deems just and proper.

Respectfully submitted,

By: _____
DAN S. FOLLUO, OBA# 11303
dfolluo@rhodesokla.com
MICHAEL D. GOSS, OBA #16759
mgoss@rhodesokla.com
RHODES, HIERONYMUS, JONES,
TUCKER & GABLE
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
(918) 582-1173
(918) 592-3390 Facsimile
**ATTORNEYS FOR DEFENDANT
BRITTEN PRODUCTIONS, LLC**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this **28** day of April 2022, a true and correct copy of the foregoing was served by:

(✓) U.S. Mail, postage thereon fully prepaid;
( ) Electronic Mail;
( ) Overnight Delivery;
( ) Certified Mail, Return Receipt Requested; and/or
( ) Hand-Delivery

to the following:

Charles L. Richardson, OBA #13388
Wriley K. Anderson, OBA #33718
7447 South Lewis Avenue
Tulsa, Oklahoma 74136
***Attorneys for Plaintiff***

_____

6